OPINION OF THE COURT
Nicholas J. Criscione, J.
This case was brought on before the Small Claims Part of Colonie Justice Court.
*73 The plaintiffs were represented by Brian Murphy, Esq. and the defendant, a business corporation, was defended by a corporate official.
The facts are that the plaintiffs purchased a bat made of a specialized graphite carbon material that, after some use, developed internal cracks, causing the bat to be useless.
The bat was represented as not only being unbreakable and fit for the purpose of hitting baseballs but would also hit baseballs at longer distances than wood bats. The longer distance is not disputed by the facts.
This was the second bat that developed this defect and Klein’s All Sports, the defendant, replaced the first bat with a new bat. After receiving the second baseball bat, it developed internal cracks. As a result, the bat was ineffective and useless even though there was no evidence presented of abuse.
At this time the plaintiffs returned the second bat to Klein’s All Sports and requested, not a replacement or credit, but a refund for the price of the bat which was $170 plus sales tax.
Klein’s All Sports has a properly posted refund policy which indicates that any exchanges after 30 days will be either on credit in the store or an exchange of the product. The notice goes on to say that there are "no refunds for defective items”.
Such a simple fact pattern developed into a complex search through both Federal and State law as it pertains to merchants’ refund policies and credit sales and their application to products alleged to be defective.
Klein’s All Sports introduced certain provisions of the General Business Law with regard to credit account statements and also posting of refund policies.
In reviewing the sections as provided by the defendant, the sections did not address the issue of defective products, per se, but talked generally in terms of refunds or credit balances and store policies concerning same.
General Business Law § 218-a requires every retail merchandise establishment to conspicuously post its refund policy. There is no dispute that Klein’s All Sports in full compliance with the law had conspicuously posted their refund policy. Furthermore, the statute specifically authorizes a policy to give a refund in a store credit only and not a return of cash or even a credit on a charge account even though the item may have been initially charged.
Credit cards are not only controlled by State law but also by *74 Federal legislation and regulations and specifically the Truth in Lending Act, 15 USC § 1601 et seq., which comprehensively regulates the issuance and use of credit cards.
Under the Federal Truth in Lending Act, a credit card holder has the right to withhold payment of an amount of credit outstanding for property or services that gives rise to a dispute between a cardholder and person who honors a credit card (12 CFR 226.12 [c]). These regulations further provide that a creditor who routinely gives cash refunds to consumers paying in cash must also give creditor cash refunds to consumers using credit cards unless it discloses at the time the transaction is completed that cash or credit refunds for returns are not given. This provision, however, does not require refunds for returns nor does it prohibit refunds in kind. Therefore, based upon both the General Business Law and the Federal Truth in Lending Act, it appears that a merchant can adopt a store credit only policy that applies to both cash and credit sales. If the merchant in the case now before the court properly notified the buyer that only a store credit would be issued in exchange for merchandise, then the buyer is not entitled to recover a cash refund. This is true whether the purchase was made with a credit card or cash.
The key issue, however, in this case, is whether or not the bat was, in fact, defective. Once it is determined that the bat is defective, then it is questionable whether a store-posted policy requiring only a refund for a defective product that it puts into the stream of commerce is permissible. If, in fact, the product is defective, then the question of whether a refund is due and owing should be controlled by Uniform Commercial Code article 2, Sales of Goods and Implied Warranty of Merchantability. Under this article, a merchant warrants a certain product sold meets standards to satisfy the intended purpose for that product under Uniform Commercial Code § 2-314, Implied warranty; Merchantability; Usage of Trade subdivision (2) (c) and (2) (f). If, in fact, the product does not meet those purposes, then it is deemed to be defective and in violation of the warranty of merchantability. This unbreakable special bat used solely for the purpose of hitting baseballs is defective upon the evidence presented especially since there is no proof that it was abused. As a result, before a refund policy of the store can control, we must first look to the Uniform Commercial Code prior to examination of either the General Business Law of the State of New York or the *75 Federal Truth in Lending legislation concerning credit card purchases.
Under Uniform Commercial Code § 2-314, it is the determination of the court that this product was in violation of the warranty of merchantability as it was defective for the purpose for which it was intended, that of hitting baseballs, since the baseball bat could not withstand the repeated use of hitting baseballs. This is a specialty product and certainly is not the ash wood bat commonly used in baseball. This specialty product is warranted to be unbreakable and yet it broke not once but twice. As a result of this defect, the General Business Law with respect to refund purchases and the Federal Truth in Lending Act are not applicable as the defective product, a baseball bat, was in violation of the warranty of merchantability. To hold otherwise would allow a merchant, whether in good faith like Klein’s or otherwise, to place in commerce a defective product and merely give credit exchange upon the repeated return of the merchandise by the consumer. As a result, the plaintiff is entitled to a complete refund of $170 plus sales tax because of the breach of warranty of merchantability.
This decision would be otherwise if, in fact, the baseball bat was not defective.